## CIRCUIT COURT OF FAIRFAX COUNTY

Norbett R. Whorley et al.

v.

State Farm Automobile Ins. Co.
and Liberty Mutual Ins. Group

September 12, 1988

Case No. (Chancery) 107264

By JUDGE LEWIS HALL GRIFFITH

This matter has been presented to the Court on Plaintiff's Motion for a Declaratory Judgment on the issues of the availability of the uninsured and/or underinsured motorist coverage provided for in Plaintiff's automobile insurance policy with Defendant State Farm.

The pertinent facts are that Plaintiff has a split policy limit for uninsured and underinsured motorist coverage with State Farm in the amounts of one hundred thousand per person, three hundred thousand per accident, and Mr. Dyer, the alleged tortfeasor in the primary case, has a hundred thousand dollar single policy limit.

As to uninsured motorist provisions, Plaintiff contends that since the single policy limit does not explicitly provide for the statutorily required coverage in the amounts of twenty-five thousand dollars for bodily injury or death to any one person, fifty thousand dollars for bodily injury or death to two or more persons, and ten thousand dollars for property loss, then definitionally Mr. Dyer is uninsured. By such logic, all motorists covered under single policy limits would have to be considered uninsured, despite the amount of the policy limit. The Court cannot conceive that the General Assembly intended a motorist to be deemed

uninsured due to the fact that his policy does not specifically apportion the minimum coverage available, when that motorist's policy provides for coverage that exceeds the aggregate minimum required by the statute. The Court finds that because Dyer's policy limit affords to injured parties the ability to recover in an amount in excess of that embodied in the statute, this is not a situation involving an uninsured motorist.

Plaintiff further argues that the underinsured provisions are applicable because Plaintiff has *available* to him coverage to a greater extent under his own policy than that which is available under Dyer's policy. If this case were to be determined under the current statutory scheme, then Plaintiff would be correct. However, the 1985 version, the relevant one to this case, of the applicable statute does not take into account the *availability* of coverage amount in its definition of an underinsured motorist. Under the 1985 statute, a vehicle is deemed underinsured when and to the extent that the total amount of bodily injury and property damage coverage is applicable to the operation and use of a vehicle is less than the total amount of uninsured motorist coverage afforded to the injured party. In this case, that amount is zero. Thus, the Court finds that this is not an underinsured situation.